1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | DAVY KELVIN POUGH

CASE NO. 08cv1498  JM(RBB)

12
Plaintiff,

ORDER DENYING SECOND
MOTION FOR APPOINTMENT OF
COUNSEL

13
vs.

ALMAGER, V.M.; et al.,

14

Defendants.

15

On or about April 8, 2009 Plaintiff filed a second Motion for Appointment of Counsel

16
("Motion") to assist him in prosecuting his civil rights action brought pursuant to 42 U.S.C. §1983.

17
On February 3, 2009 the court denied Plaintiff's first request for appointment of counsel on the ground

18
that such appointment was not warranted by the interests of justice.  Plaintiff now renews his motion

19
for appointment of counsel, arguing that he is taking antidepressant medication and therefore

20
appointment of counsel is warranted.  The court denies Plaintiff's motion for appointment of counsel.

21
The Constitution provides no right to appointment of counsel in a civil case.  See Lassiter v.

22
Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district

23
courts are granted discretion to appoint counsel for indigent persons under "exceptional

24
circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional

25
circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability

26
of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues

27
involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a

28
decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1    Here, upon review of the documents submitted by Plaintiff, including the Third Amended

2   Complaint, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is

3   able to adequately articulate the basis of his complaint.  The complaint adequately sets forth a factual

4   basis for his claims.  Further, the documents filed by Plaintiff are articulate, coherent, and demonstrate

5   a fundamental understanding of the issues.  The fact that Plaintiff is taking antidepressant medications

6   does not alter this court's determinations.  Plaintiff fails to establish that his mental condition is such

7   that he is incapable or even severely handicapped in prosecuting this action in propria persona.  Under

8   these circumstances, the Court denies Plaintiff's second request for appointment of counsel because

9   it is not warranted by the interests of justice.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

10    **IT IS SO ORDERED.**

11   DATED:  May 4, 2009

12   _____
     Hon. Jeffrey T. Miller
13   United States District Judge

14   cc:        All Parties

- 2 -

08cv1498