# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVY KELVIN POUGH<br><br>            Plaintiff,<br>    vs.<br><br>ALMAGER, V.M.; et al.,<br><br>            Defendants. | CASE NO. 08cv1498 JM(RBB)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; ADOPTING REPORT AND RECOMMENDATION RE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

**Motion for Appointment of Counsel**

The court denies the renewed motion for appointment of counsel. The Constitution provides no right to appointment of counsel in a civil case. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, upon review of the documents submitted by Plaintiff, including the Third Amended Complaint ("TAC") and his Objections to the Report and Recommendation, it appears that Plaintiff

has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his complaint. The TAC and the other documents filed by Plaintiff are articulate, coherent, and demonstrate a fundamental understanding of the issues. Under these circumstances, the Court again denies Plaintiff's request for appointment of counsel because it is not warranted by the interests of justice. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

**The Report and Recommendation**

On January 6, 2010 Magistrate Judge Brooks entered a Report and Recommendation Re: (1) dismissal with prejudice for failure to exhaust administrative remedies, of claims regarding equal protection - specifically claims related to disinfectant distribution, an unsanitary kitchen, the presence of mice and insects, pesticide exposure, and medical care for his shoulder condition or psychological problems; (2) dismissal without prejudice of count one (alleged violations of the right to access to courts) as prematurely filed and, alternatively, dismissal of the claim against Warden Almager without prejudice, and dismissal of Defendants Ryan, Bradley, and Grannis with prejudice; (3) dismissal with prejudice of count two for failure to state a claim (alleged violations of cruel and unusual punishment due to denial of hot meals and inadequate use of hairnets by kitchen personnel); (4) dismissal without prejudice, with leave to amend, of count three (alleging deliberate indifference to Plaintiff's serious medical and dental needs); (5) dismissal with prejudice of count three to the extent Plaintiff alleges a claim for inadequate teeth cleaning and shoulder treatments; (6) denial of Defendant's Rule 8 motion as moot; and (7) denial of Defendants' motion to dismiss, as prematurely filed, based on qualified immunity and for severance ("R & R"). Plaintiff partially objects to the R & R and Defendants did not file a response to Plaintiff's Objections.

Plaintiff's first two Objections target the R & R's conclusion that he failed to exhaust administrative remedies with respect to his equal protection claim and the denial of the outdoor exercise claim. The thrust of Plaintiff's argument is that he exhausted available administrative remedies in large part because prison officials did not timely comply with their regulatory duties to process the administrative appeals in a timely manner. A late response from prison officials does not excuse Plaintiff from pursuing his administrative remedies. As noted in the R & R, Plaintiff could have appealed any untimely grievance response thereby exhausting available administrative remedies.

1 (R & R at p.17:5-8). His failure to do so requires dismissal.

2 Plaintiff also argues that he exhausted the claim concerning outdoor exercise. As the arguments raised by Plaintiff in his Objections were directly addressed in the R & R, the court does not address them a second time. (R & R at pp. 20:14 - 22:15). Furthermore, this claim is dismissed without prejudice and with leave to amend to allege facts relating to obtaining the status report at issue and then resubmitting the grievance to exhaust this claim.

Finally, Plaintiff objects to the dismissal of his access to courts claim on the merits. As Plaintiff must allege an actual injury arising from the alleged limited law library time during prison lockdown, Lewis v. Casey, 518 U.S. 343, 346 (1996), the court concludes, for the reasons set forth in the R & R, that dismissal of this claim without prejudice is appropriate. (R & R pp. 26:16 - 31:20). Plaintiff may seek to amend this claim after his habeas corpus petition is resolved on appeal.

In sum, the court adopts the R & R in its entirety and rejects Plaintiff's Objections. Further, the court grants Plaintiff 30 days leave to amend from the date of entry of this order to amend those claims dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: March 4, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties