# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVY KELVIN POUGH<br><br>                              Plaintiff,<br>     vs.<br><br>ALMAGER, V.M.; et al.,<br><br>                              Defendants. | CASE NO. 08cv1498 JM(RBB)<br><br>ORDER DENYING DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION |

On January 6, 2010 Magistrate Judge Brooks entered a Report and Recommendation Re: (1) dismissal with prejudice, for failure to exhaust administrative remedies, of claims regarding equal protection - specifically claims related to disinfectant distribution, an unsanitary kitchen, the presence of mice and insects, pesticide exposure, and medical care for his shoulder condition or psychological problems; (2) dismissal without prejudice of count one (alleged violations of the right to access to courts) as prematurely filed and, alternatively, dismissal of the claim against Warden Almager without prejudice, and dismissal of Defendants Ryan, Bradley, and Grannis with prejudice; (3) dismissal with prejudice of count two for failure to state a claim (alleged violations of cruel and unusual punishment due to denial of hot meals and inadequate use of hairnets by kitchen personnel); (4) dismissal without prejudice, with leave to amend, of count three (alleging deliberate indifference to Plaintiff's serious medical and dental needs); (5) dismissal with prejudice of count three to the extent Plaintiff alleges a claim for inadequate teeth cleaning and shoulder treatments; (6) denial of Defendant's Rule 8 motion as moot; and (7) denial of Defendants' motion to dismiss, as prematurely filed, based on qualified

1  immunity and for severance ("R & R").  Plaintiff partially objected to the R & R and, on March 4,
2  2010, the court denied his Objections and adopted the R & R in its entirety.  (Docket No. 44).  The
3  present order address Defendants' Objections to the R & R.

4  Defendants Almager, Arellano, Bradley, Ryan, Navarro and Grannis object to granting
5  Plaintiff any further opportunity to amend the complaint.  Defendants argue that Plaintiff should be
6  denied further leave to amend the complaint because Plaintiff has had three previous opportunities to
7  amend the complaint yet fails to come any closer to stating a claim for relief.  See Aschcroft v. Iqbal,
8  __U.S. __, 129 S.Ct. 1937, 1949 (2009).  Defendants also object to the R & R's conclusion that their
9  motion to sever improperly joined claims is prematurely filed.

10  The court denies both Objections.  While it appears unlikely that Plaintiff will be able to raise
11  the right to relief beyond a speculative level, the court cannot declare with sufficient confidence that
12  there are no circumstances under which Plaintiff is able to state a claim.  This is particularly true in
13  light of liberal federal pleading requirements, Fed.R.Civ.P. 15(a), and Ninth Circuit precedent
14  requiring that pleadings of civil rights litigants be afforded the benefit of any doubt.  Karim-Panahi
15  v. Los Angeles Police Dept., 839 F.2d 621 at 623 (9th Cir. 1988).  The court also finds that resolution
16  of the motion to sever is appropriately deferred until after Plaintiff states a claim for relief.  In the
17  event Plaintiff fails to state a claim in the Fourth Amended Complaint, the motion to sever will be
18  moot.

19  In sum, the court denies Defendants' Objections and adopts the R & R in its entirety.

20  **IT IS SO ORDERED.**

21  DATED: March 18, 2010

22  _____
23  Hon. Jeffrey T. Miller
    United States District Judge

    cc:        All parties