UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVY KELVIN POUGH<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>ALMAGER, V.M.; et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 08cv1498 JM(RBB)<br><br>ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL |

　　　　On February 3, 2009 and again on May 4, 2009, the court denied Plaintiff's Motions for Appointment of Counsel ("Motion") to assist him in prosecuting his civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff now renews his motion for appointment of counsel, arguing that the case is factually complex, his incarceration results in a limited ability to investigate, and the case is legally complex. The court denies Plaintiff's motion for appointment of counsel.

　　　　The Constitution provides no right to appointment of counsel in a civil case. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

　　　　Here, upon review of the documents submitted by Plaintiff, including the Third Amended

1  Complaint, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is
2  able to adequately articulate the basis of his complaint. The complaint adequately sets forth a factual
3  basis for his claims. Further, the documents filed by Plaintiff are articulate, coherent, and demonstrate
4  a fundamental understanding of the issues. Under these circumstances, the Court denies Plaintiff's
5  third request for appointment of counsel because it is not warranted by the interests of justice. LaMere
6  v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

7  **IT IS SO ORDERED.**

8  DATED: May 26, 2010

9  _____
10  Hon. Jeffrey T. Miller
   United States District Judge

11  cc:         All Parties